### Ratna SUBBA, Petitioner,

v.

### Eric H. HOLDER, Jr., United States Attorney General, Respondent.

No. 12–3637.

United States Court of Appeals,
Second Circuit.

March 31, 2014.

Ramesh K. Shrestha, New York, N.Y., for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay W. Zimliki, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON and DENNY CHIN, Circuit Judges.

### *SUMMARY ORDER*

Ratna Subba, a native and citizen of Nepal, seeks review of an August 14, 2012, decision of the BIA denying her motion to reopen. *In re Ratna Subba*, No. A087 445 616 (B.I.A. Aug. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA did not abuse its discretion in denying Subba's motion to reopen because she failed to rebut the agency's underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Although, as she asserts, the IJ found her credible as to the fact that she was a teacher in Nepal, the IJ nevertheless rejected as not credible her assertions that Maoists had harmed her and threatened to harm her, irrespective of whether they were motivated by her status as a teacher or her political affiliation. Moreover, Subba did not submit to the BIA any new, objective evidence regarding Maoists' treatment of teachers in Nepal. *Cf. Paul v. Gonzales*, 444 F.3d 148, 152–55 (2d Cir. 2006) (concluding that the BIA abuses its discretion in denying a motion to reopen

based solely on a failure to rebut an underlying adverse credibility determination if the movant was found credible regarding his or her possession of a characteristic, such as practicing a religion, and the movant presents new, objective evidence regarding the persecution of individuals possessing that characteristic). Accordingly, the BIA did not abuse its discretion in denying Subba's motion to reopen. *See Kaur,* 413 F.3d at 234; *see also* 8 U.S.C. § 1229a(c)(7)(B).

For the foregoing reasons, the petition for review is DENIED.